UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darek Lathan,                                                    Case No. 3:18 CV 2175

        Plaintiff,                                   JUDGE JAMES G. CARR

   v.

                                                           OPINION AND ORDER

United States of America, *et al.*,

        Defendants.

    *Pro se* Plaintiff Darek Lathan filed the above-captioned action against the United States of America, and Alcohol, Firearm and Tobacco ("ATF") Agents Steve Doe and John Doe.

    In the Complaint, Plaintiff alleges the Defendants engaged in efforts to suppress exculpatory evidence which resulted in his detention and pending federal firearm charges. He asserts claims for violation of his Eighth and Fourteenth Amendment rights, as well as state law claims for false imprisonment, malicious arrest, and intentional infliction of emotional distress. He asks for his post release control from a prior state conviction to be terminated, an apology from the ATF agents, and immediate release from incarceration. On his Civil Cover Sheet, he indicates he is also seeking monetary damages.

**I. Background**

Plaintiff was arrested on November 17, 2017. Law enforcement officers executed a warrant on a house where he was babysitting. A firearm and ammunition were found on a table in close proximity to the Plaintiff.

Plaintiff, who was serving the post release control portion of a prior state sentence, was arrested and detained at the Lucas County Corrections Center. He was questioned by FBI agents concerning the firearm and ammunition. Plaintiff indicates he explained why he could not be charged for possessing the firearm. Nevertheless, the Ohio Adult Parole Authority placed a post release control violation detainer on him, and eventually sanctioned him with 180 days of incarceration for violating the terms of his release.

On February 7, 2018, prior to his release from state custody, the United States indicted Plaintiff in this Federal Court for being a felon in possession of a firearm and a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). This Court issued an Order of Detention on February 15, 2018. Plaintiff remains in federal custody pending a competency hearing.

It is difficult to determine the exact nature of Plaintiff's claims against the named Defendants from his Complaint.

He contends ATF agents made conscious efforts "to suppress exculpatory and exonerating evidence which has resulted in the false imprisonment of Plaintiff... ." (Doc. No. 1 at 5). He indicates, without explanation that his parole officer and ATF Agent Steve Doe could have clarified that he could not be charged but did not do so. He offers no other information. He asserts the Defendants violated his Eighth and Fourteenth Amendment rights and committed the state torts of

false imprisonment, malicious arrest, and intentional infliction of emotional distress.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.

The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a Complaint, the Court must construe the pleading in the light most favorable

to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

Plaintiff cannot bring a *Bivens* claim against the United States, its agencies or its employees sued in their official capacities for denial of his constitutional rights.

The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941). In most cases, Congress defines the exact terms and conditions upon which the United States, its agencies and its employees may be sued. The terms of the consent define the parameters of federal court jurisdiction to entertain suits brought against the United States government. *United States v. Orleans*, 425 U.S. 807, 814 (1976); *Honda v. Clark*, 386 U.S. 484, 501 (1967).

The United States has not consented to suit in a *Bivens* action. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Scibana*, No. 02-1439, 2003 WL 1795860 at * 1 (6th Cir. April 1, 2003) (stating that a federal prisoner can not bring a *Bivens* action against the Bureau of Prisons).

In addition, Plaintiff cannot bring his claims under *Bivens* against the agents in their individual capacities.

In 1971, the Supreme Court recognized an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Since then, the Court allowed *Bivens* remedies in only two other contexts: (1) in a Fifth Amendment gender-discrimination case, *Davis v. Passman*, 442 U.S. 228 (1979); and (2) in a failure to provide medical treatment

Eighth Amendment case, *Carlson v. Green*, 446 U.S. 14 (1980). The Court has not approved of an implied damages remedy under the Constitution itself. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017).

Recently, the Supreme Court clarified that federal courts should refrain from extending *Bivens* outside of the three specific contexts in which it has already been applied. *Id.* (stating that Congress provided a specific damages remedy for Plaintiffs whose constitutional rights were violated by state officials through 42 U.S.C. § 1983; however, they did not provide a corresponding remedy for constitutional violations by federal officials).

Plaintiff's Eighth Amendment claim appears to arise from the very fact of his arrest, and his due process appears to arise from the alleged withholding of unspecified exculpatory evidence. Neither of these situations falls within the specific contexts already recognized for *Bivens* claims. Moreover, Plaintiff has remedies available to him in the course of his criminal case. This Court will not imply a cause of action under *Bivens* in this situation.

Plaintiff's state law tort claims can only be brought under the Federal Tort Claims Act ("FTCA"). The FTCA provides the exclusive jurisdictional basis for tort claims against the United States and its employees for actions committed in the scope of their employment. Claims under the FTCA can only be asserted against the United States, not individual government agents.

The United States' consent to suit under the FTCA, however, is limited to those in which the tort claims were "presented in writing to the appropriate federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The timely filing of an administrative claim is a requirement of the FTCA. If the administrative requirements of the FTCA have not been fulfilled, the case must

be dismissed. *Dolan v. U.S.*, 514 F.3d 587, 593 (6th Cir. 2008). This Court cannot extend the waiver of immunity beyond what Congress intended. *United States v. Kubrick*, 444 U.S. 111, 118 (1979).

Plaintiff has not demonstrated that he presented his tort claims to the ATF to exhaust his administrative remedies prior to filing suit nor that the agency has finally disposed of the claims. Those claims must be dismissed.

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.